IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA BROOKS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ELIZABETH BOROUGH, et al., )<br>)<br>Defendants. ) | Civil Action No. 17-8<br><br>Judge Nora Barry Fischer |

## MEMORANDUM ORDER

Presently before the Court is Defendants' Motion to Strike a Video Attached as Exhibit A to Plaintiff's Second Amended Complaint, (Docket No. [25]); Plaintiff's response in opposition, (Docket No. [31]); and Defendants' Reply, (Docket No. [34]). After careful consideration of the parties' submissions, and for the following reasons, Defendants' Motion, (Docket No. [25]), is DENIED.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a court may strike from a pleading any matter that is "immaterial, impertinent, or scandalous," either upon the motion of a party or of the Court's own volition. FED. R. CIV. P. 12(f)(1)-(2). A discretionary standard is implicit in the Rule's provision permitting the Court to act "on its own." *See id.* Motions to strike are generally disfavored and "should only be granted when it can be shown that the matter to be stricken 'is unworthy of consideration,'" but should not "be used by a party to demand resolution of a question of either law or fact." *Torso v. Ohio Nat'l Life Ins. Co.*, No. 07-CV-65, 2007 U.S. Dist. LEXIS 46997, at *5 (W.D. Pa. June 28, 2007) (quoting *Burke v. Mesta Mach. Co.*, 5 F.R.D. 134, 138 (W.D. Pa. 1946)). When in doubt, the court should deny the motion to strike, and "'the sufficiency of the allegations [should be] left for adjudication on the merits.'" *Id.* (quoting *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1079 (C.D. Cal. 1994)).

Exhibit A to Plaintiff's Second Amended Complaint is a video of an incident that was recorded by the police department after Plaintiff was transported to Elizabeth Borough Police Department. (Docket No. 21 at ¶ 18). Plaintiff asserts claims against Defendants for excessive use of force, in violation of 42 U.S.C. § 1983, and assault and battery. (*Id.* at ¶¶ 49-61). The Court must reject Defendant's argument that the video must be stricken because "none of the Plaintiff's claims are based on the video." (Docket No. 25 at 2). Rather, the Court finds that the video is not immaterial, impertinent, or scandalous, and is worthy of consideration, because Plaintiff's claims are based on the actions depicted in the video. FED. R. CIV. P. 12(f); *Torso*, 2007 U.S. Dist. LEXIS 46997, at *5.

Defendants argue that a district court ruling upon a motion to dismiss may not consider matters extraneous to the pleadings. (Docket No. 25 at 2). "However, an exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted). As discussed above, Plaintiff's claims rely upon Exhibit A. Under such circumstances, it is inappropriate to strike the exhibit. *See, e.g.*, *Rossi v. Innovation Ventures, LLC,* No. 13-CV-1870, 2014 U.S. Dist. LEXIS 44136, at *14-15 (D.N.J. Apr. 1, 2014) (in ruling upon a motion to dismiss, denying motion to strike an exhibit upon which the plaintiff's complaint relied); *Malibu Media, LLC v. Does*, No. 12-CV-2078, 2013 U.S. Dist. LEXIS 620, at *36-38 (E.D. Pa. Jan. 3, 2013) (same). Further, courts have considered videos in matters that include claims arising under 42 U.S.C. § 1983. *See, e.g.*, *Coles v. Carlini*, No. 10-6132, 2012 U.S. Dist. LEXIS 44855, at *42-44 (D.N.J. Mar. 29, 2012) (denying motion to strike video of traffic stop); *Winston v. Bauer*, No. 09-CV-224, 2010 U.S. Dist. LEXIS 99111, at *15-16 (W.D.

Pa. Sept. 21, 2010) (considering video footage of an incident captured by a security camera); *Wade v. Colaner*, No. 06-CV-3715, 2009 U.S. Dist. LEXIS 50675, at *4-6 n.1 (D.N.J. June 17, 2009) (noting that the court viewed a video of the incident because the plaintiff had relied upon it in his complaint).

For these reasons,

IT IS HEREBY ORDERED that Defendants' Motion to Strike a Video Attached as Exhibit A to Plaintiff's Second Amended Complaint, (Docket No. [25]), is DENIED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated:  May 22, 2017

cc/ecf: All counsel of record