# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA BROOKS, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 17-8 |
| v. | ) |
| | ) Judge Nora Barry Fischer |
| ELIZABETH BOROUGH, et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Presently before the Court is Defendants' Motion to Dismiss for Failure to State a Claim and supporting brief, (Docket Nos. [23], [24]); Plaintiff's Response in Opposition, (Docket No. [30]); and Defendants' Reply, (Docket No. [33]). After careful consideration of the parties' submissions, in light of the standards governing motions to dismiss set forth by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and as articulated in Third Circuit precedent, *see, e.g.*, *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016), and for the following reasons, Defendants' Motion, (Docket No. [23]), is DENIED, without prejudice to Defendants renewing their arguments at the motion for summary judgment stage of this matter.

Defendants' Motion to Dismiss Plaintiff's 42 U.S.C. § 1983 excessive force claim at Count I is denied, as the Court finds that Plaintiff has set forth sufficient allegations to state a plausible claim that Officer Garrett K. Kimmell's actions in punching, kicking, and kneeing Plaintiff constituted an actionable "seizure" under Third Circuit jurisprudence. *See United States v. Brown*, 448 F.3d 239, 245 (3d Cir. 2006) ("A seizure occurs when there is either (a) 'a laying on of hands or application of physical force to restrain movement, even when it is ultimately unsuccessful,' or (b) submission to 'a show of authority.' Put another way, when a seizure is

effected by even 'the slightest application of physical force,' it is immaterial whether the suspect yields to that force.") (quoting *California v. Hodari D.*, 499 U.S. 621, 626 (1991)); *see also Couden v. Duffy*, 446 F.3d 483, 496 (3d Cir. 2006) ("The use of excessive force is itself an unlawful 'seizure' under the Fourth Amendment.").

The doctrine of qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Kelly v. Borough of Carlisle*, 622 F.3d 248, 253 (3d Cir. 2010) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In addressing a claim of qualified immunity, a court must determine: "(1) whether the facts alleged by the plaintiff show the violation of a constitutional right, and (2) whether the law was clearly established at the time of the violation." *Id.* "[T]o decide whether a right was clearly established, a court must consider the state of the existing law at the time of the alleged violation and the circumstances confronting the officer to determine whether a reasonable state actor could have believed his conduct was lawful." *Id.*

The Court is mindful of case law holding that "any claim of qualified immunity must be resolved at the earliest possible stage of litigation." *Fanti v. Weinstock*, 629 F. App'x 325, 328-329 (3d Cir. 2015) (internal quotations omitted). However, taking Plaintiff's allegations as true, the Court finds that he has sufficiently pled a clearly established violation of his Fourth Amendment rights because the beating of Plaintiff after he was physically detained "could be viewed as unreasonable, excessive and serving no legitimate law enforcement purpose." *Greene v. Perez*, No. 13-5493, 2017 U.S. Dist. LEXIS 58340, at *10 (D.N.J. Apr. 17, 2017) (holding that the defendants were not entitled to qualified immunity at the motion-to-dismiss stage of the proceedings). Furthermore, a reasonable officer could have believed that punching, kicking,

2

kneeing, and tasing Plaintiff after he was physically restrained was unlawful. *See id.*

Here, Defendants ask that the Court accept their version of the facts by arguing that Plaintiff refused to follow directives, resisted Officer Kimmell's attempts to search him, physically confronted Officer Kimmell, moved for Officer Kimmell's weapon, and gained a physical position over Officer Kimmell. (*See* Docket No. 24 at 6). Plaintiff alleges that he did not reach for Officer Kimmell's weapon, as his arm was immobilized in a cast, and that he did not resist arrest. (Docket No. 21 at ¶¶ 26-28, 31-34). Thus, there are several disputed issues of material fact. *See Conte v. Rios*, 658 F. App'x 639, 642-43 (3d Cir. 2016) (stating that a District Court must identify the factual issues relevant to deferring a decision on qualified immunity); *see also Hernandez v. Montoya*, No. 16-CV-4592, 2017 U.S. Dist. LEXIS 73683, at *7-8 (D.N.J. May 15, 2017) (declining to address qualified immunity at the motion-to-dismiss stage because "the defendants ask the court to accept their version of the facts, which the court, at this stage of the proceedings, cannot do").

The Court further notes that it denied Defendants' Motion to Strike a Video Attached as Exhibit A to Plaintiff's Second Amended Complaint. (Docket No. 35). In this Court's estimation, the video showing the incident supports Plaintiff's allegations that he was subjected to an unlawful seizure. However, it is well settled that "'[a]ny assessment of the probative value of video evidence must take into account that the camera, while an immutable witness, can only describe events from the particular perspective of the video's lens.'" *Velez v. Fuentes*, No. 15-CV-6939, 2016 U.S. Dist. LEXIS 99328, at *25 (D.N.J. July 29, 2016) (quoting *Breeland v. Cook*, No. 12-CV-2511, 2014 U.S. Dist. LEXIS 27446, at *9 (M.D. Pa. Mar. 3, 2014)). Given the parties' disputes of fact, the Court finds that discovery is necessary and will defer reaching a decision as to whether qualified immunity applies. *See id.* at *25-26 (explaining that "the Court

is not required to accept the video tape as the only account of the incident" and denying summary judgment at the motion-to-dismiss stage because genuine disputes of material fact remained); *see also Coles v. Carlini*, No. 10-6132, 2012 U.S. Dist. LEXIS 44855, at *22 (D.N.J. Mar. 29, 2012) (denying motion to dismiss because "[t]he First Amended Complaint as well as the video present facts supporting the Plaintiffs' allegations that they were subjected to an unlawful seizure by the Defendant Troopers").

Defendants' Motion to Dismiss Plaintiff's 42 U.S.C. § 1983 failure to intervene claim at Count IV is denied, as Plaintiff has sufficiently stated his claim. A police officer "has a duty to take reasonable steps to protect a victim from another officer's use of excessive force, even if the excessive force is employed by a superior." *Smith v. Mensinger*, 293 F.3d 641, 651 (3d Cir. 2002). "If a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983." *Id.* (quoting *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986)). "However, an officer is only liable if there is a realistic and reasonable opportunity to intervene." *Id.* at 651.

Plaintiff alleges that Officer Kimmel held him against the wall when Officer Dan Verno entered the room and lifted him off Officer Kimmel. (Docket No. 21 at ¶¶ 39-40). Plaintiff asserts that thereafter, Officer Kimmel tasered him while he was shackled to the bench and Officer Verno watched rather than intervening to aid him. (*Id.* at ¶¶ 41-42). In support of his claim, Plaintiff further avers that Officer Verno was an integral participant in the tasing because he had a reasonable opportunity to intervene but failed to do so. (*See id.* at ¶¶ 81-88). Such allegations, taken as true, are sufficient to state a plausible claim for relief. *See, e.g.*, *Beenick v. LeFebvre*, No. 14-CV-1562, 2015 U.S. Dist. LEXIS 63002, at *29 (M.D. Pa. May 14, 2015)

4

(denying motion to dismiss the plaintiff's failure to intervene claim because the plaintiff had alleged that a correctional officer was present and knew that another officer ordered him to slice watermelon with a meat slicer in an unsafe manner but did nothing to stop him); *Miller v. Sauers*, No. 11-CV-189, 2012 U.S. Dist. LEXIS 113581, at *13-14 (W.D. Pa. July 24, 2012) (recommending that a motion to dismiss the plaintiff's failure to intervene claim be denied because the plaintiff had alleged that prison officials were aware that another officer was physically assaulting him, had a reasonable opportunity to intervene, but did not), *adopted by*, 2012 U.S. Dist. LEXIS 113355 (W.D. Pa. Aug. 13, 2012). Moreover, in the Court's estimation, the video showing the incident supports a conclusion that Plaintiff's allegations should move beyond the pleading stage and into discovery. *See, e.g.*, *Peraza v. Cain*, No. 12-CV-376, 2017 U.S. Dist. LEXIS 35259, at *30 (M.D. Pa. Mar. 13, 2017) (concluding that the plaintiff's failure to intervene claim was not subject to dismissal because a video showed that an officer was present but not actively involved in the restraint of the plaintiff); *see also Kates v. Packer*, No. 13-CV-1525, 2016 U.S. Dist. LEXIS 41528, at *28 (M.D. Pa. Mar. 29, 2016) (holding that a determination as to the plaintiff's failure to intervene claim was premature in light of the survival of his excessive force claim).

Defendants' Motion to Dismiss Plaintiff's assault and battery claim at Count II is likewise denied, as the Court finds that Plaintiff has sufficiently stated his claim and that it is otherwise premature to address same. While Pennsylvania's Political Subdivision Tort Claims Act immunizes local agencies from liability under state tort law for actions within the scope of their employment, an employee can be held liable in tort for actions outside that scope. 42 Pa.C.S. § 8542; *see also Bates v. Morris*, No. 15-CV-780, 2016 U.S. Dist. LEXIS 40835, at *6 (W.D. Pa. Feb. 26, 2016). Under Pennsylvania law, an action falls within the scope of

5

employment when: (1) it is the kind that the employee is employed to perform; (2) it occurs substantially within the job's authorized time and space limits; (3) it is motivated at least in part by a desire to serve the employer; and (4) if force was used by the employee against another, the use of force is not unexpected by the employer. *Bates*, 2016 U.S. Dist. LEXIS 40835, at *6. "Where the alleged intentional tort was provoked, unnecessary or unjustified by security concerns or penological goals, courts have ruled that such conduct does not, as a matter of law, fall within the scope of employment." *Id.* As discussed above, having reviewed Plaintiff's Second Amended Complaint and a video of the incident, the Court finds that Plaintiff's allegations should move beyond the pleading stage and into discovery. *See id.* at *7 (denying motion to dismiss assault and battery claim because taking the plaintiff's allegations as true, "it could reasonably be argued that the use of force was unprovoked and unwarranted"); *see also Coulston v. Glunt*, No. 14-CV-112, 2015 U.S. Dist. LEXIS 92519, at *11-14 (W.D. Pa. May 22, 2015) (same).

Defendants' Motion to Dismiss Plaintiff's 42 U.S.C. § 1983 failure to properly train, supervise, discipline, and investigate claim at Count III is denied, as the Court concludes that Plaintiff has set forth sufficient allegations to state a plausible claim for relief to survive a motion to dismiss. A plaintiff may plead a failure to train, supervise, or discipline claim where the municipality's failure "amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *see also Montgomery v. De Simone*, 159 F.3d 120, 126-27 (3d Cir. 1998); *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997). A failure to train, supervise, or discipline claim can form the basis for § 1983 municipal liability only if "the plaintiff can show both contemporaneous knowledge of the offending incident or

6

knowledge of a prior pattern of similar incidents and circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate." *Montgomery*, 159 F.3d at 127; *C.H. v. Oliva*, 226 F.3d 198, 202 (3d Cir. 2000).

To state a failure to train, supervise, or discipline claim, a plaintiff "must do more than simply engage in a formulaic recitation of the elements of a claim; a 'blanket assertion' or conclusory allegation of municipal liability will not suffice." *Landis v. Moyer*, No. 1:13-CV-673, at Docket No. 47 at 40 (M.D. Pa. Aug. 6, 2013) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). To this end, a plaintiff "must plead sufficient facts from which it can be found that the municipal defendant he or she has sued is responsible for enacting, implementing, or widespreadly engaging in a practice which constitutes or causes a constitutional violation." *Id.* Specifically, "there must be sufficient allegations from which a jury could conclude that the municipality was the 'moving force,' or proximate cause, of the injury suffered by the plaintiff." *Id.* (quoting *Thompson v. Wynnewood of Lower Merion Twp.*, No. 12-CV-2308, 2012 U.S. Dist. LEXIS 130742, at *26-27 (E.D. Pa. Sept. 13, 2012)).

In his Second Amended Complaint, Plaintiff alleges that there have been other incidents wherein Elizabeth Borough's police officers subjected others to excessive force. (Docket No. 21 at ¶ 67). Although Defendants argue that "Plaintiff only offers facts to support a single incident," (Docket No. 24 at 7), the Court finds that, at this stage of the proceedings, Plaintiff has stated a plausible claim for relief. *See Thomas v. Cumberland County*, 749 F.3d 217, 224 (3d Cir. N.J. Apr. 11, 2014) (explaining that "[w]e have previously found that a single-incident constitutional violation was sufficient to preclude *summary judgment*" on claims for municipal liability") (emphasis added); *see also Conte v. Rios*, 14-CV-225, 2015 U.S. Dist. LEXIS 114493, at *21-22 (W.D. Pa. Aug. 27, 2015) (rejecting the defendants' argument that the plaintiff's

7

failure to train claim should be dismissed because he alleged only one incident), *rev'd on other grounds by*, 658 F. App'x 639.

Plaintiff also alleges that Elizabeth Borough had policies, practices, customs, and usages to: (1) encourage and/or tacitly sanction the violation of its citizens' constitutional rights; (2) use force or excessive force to entice a suspect to retaliate to excuse its officers' actions; and (3) use their authority to intimidate or harass African Americans and to suppress their civil and constitutional rights. (Docket No. 21 at ¶ 68). Plaintiff avers that Elizabeth Borough consciously disregarded the unconstitutionality of the use of force to suppress his civil rights and that its policies, practices, customs, and usages were a direct and proximate cause of the alleged unconstitutional conduct. (*Id.* at ¶ 69). He contends that it was Elizabeth Borough's policy and/or custom to inadequately train, supervise, and discipline its police officers, thereby failing to discourage further constitutional violations. (*Id.* at ¶ 71). Such allegations are sufficient, as "'there is no requirement at the pleading stage for [the plaintiff] to identify a specific policy to survive a motion to dismiss.'" *Landis*, No. 1:13-CV-673, at Docket No. 47 at 42 (quoting *Moore v. Ryan*, No. 12-CV-1875, 2013 U.S. Dist. LEXIS 46458, at *21 (M.D. Pa. Apr. 1, 2013)). Plaintiff's claim also "'adequately gives notice'" to Elizabeth Borough "'of the improper conduct that [he] contends was the moving force behind the constitutional violation.'" *Landis*, No. 1:13-CV-673, at Docket No. 47 at 43 (quoting *Moore*, 2013 U.S. Dist. LEXIS 46458, at *23).

With respect to Plaintiff's failure to investigate claim included at Count III, Defendants argue that Plaintiff must show evidence of prior complaints and inadequate procedures for investigating such complaints. (Docket No. 24 at 11). "A custom of failing to investigate complaints may provide a basis for municipal liability if the 'a policy-maker (1) had notice that a constitutional violation was likely to occur, and (2) acted with deliberate indifference to the

risk.'" *Phillips v. Northampton Cnty.*, No. 14-6007, 2016 U.S. Dist. LEXIS 125448, at *59-60 (E.D. Pa. Sept. 14, 2016) (quoting *Hernandez v. Borough of Palisades Park Police Dep't*, 58 F. App'x 909, 912 (3d Cir. 2003)); *see also Blakey v. City of Pittsburgh Police Dep't*, 449 F. App'x 135, 138 (3d Cir. 2011)

In his Second Amended Complaint, Plaintiff alleges that it was Elizabeth Borough's policy and/or custom to inadequately and improperly investigate complaints of police misconduct and that Elizabeth Borough tolerated such conduct. (Docket No. 21 at ¶ 70). He further avers that as a result of these policies and/or customers, Officers Kimmel and Verno believed that their actions would not be investigated or sanctioned, and that the superintendent of Elizabeth Borough reviewed the video of the incident but failed to conduct an investigation or discipline the officers. (*Id.* at ¶¶ 72, 74). Taking these allegations as true, and given that the only authority upon which Defendants rely is a case related to a Rule 50 motion during a jury trial, (see Docket No. 24 at 11), the Court finds that Plaintiff's allegations should move beyond the pleading stage and into discovery.

For these reasons,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss for Failure to State a Claim, (Docket No. [23]), is DENIED, without prejudice to Defendants renewing their arguments at the motion for summary judgment stage of this matter.

IT IS FURTHER ORDERED that Defendants shall file their Answer to Plaintiff's Second Amended Complaint by **July 5, 2017**.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: June 19, 2017

cc/ecf: All counsel of record